# EXHIBIT A

14th CIRCUIT COURT
MUSKEGON COUNTY
Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

Approved, SCAO

| STATE OF MICHIGAN | | SUMMONS | CASE NO. |
|---|---|---|---|
| 14th MUSKEGON | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY | | 23-005820 -CB |

**Court address**: 990 Terrace St, Muskegon, MI 49442

**Court telephone no.**: 231-724-6251

| Plaintiff's name, address, and telephone no. | v | Defendant's name, address, and telephone no. |
|---|---|---|
| INTRACITY DISPATCH, INC. a Michigan Corporation c/o SMITH HAUGHEY RICE & ROEGGE | | DARREN ERB, an individual, d/b/a DARREN ERB TRUCKING 5 SCHMEHL DRIVE BETHEL, PENNSYLVANIA 19507-9526 |

Plaintiff's attorney, bar no., address, and telephone no.
Julianna Hyatt-Wierzbicki- P71731
Smith Haughey Rice & Roegge
900 Third St, Ste 204
Muskegon, MI 49440
jhyatt-wierzbicki@shrr.com / 231-724-4334

Case Assigned to:
Kenneth S. Hoopes

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 11/29/2023 | 02/28/2024 | Karen D. Buie | 11/30/2023 08:21 AM |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

KAREN D. BUIE, MUSKEGON COUNTY CLERK
BY: RODROGNA

MC 01 (3/23) SUMMONS      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

INTRACITY DISPATCH, INC., a Michigan corporation

    Plaintiff,

CASE NO. 23-005820-CB

v

DARREN ERB, an individual, d/b/a
DARREN ERB TRUCKING

HON. KENNETH S. HOOPES

    Defendant.

---

Kevin B. Even (P38599)
Julianna Hyatt-Wierzbicki (P71731)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
keven@shrr.com
jhyatt-wierzbicki@shrr.com

---

## COMPLAINT

*There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in the complaint*

NOW COMES Plaintiff, Intracity Dispatch, Inc., by and through its attorneys, Smith Haughey Rice & Roegge, and for its Complaint against Defendant Darren Erb d/b/a Darren Erb Trucking states as follows:

### PARTIES & JURISDICTION

1.    Plaintiff, Intracity Dispatch, Inc. ("ICD"), is a Michigan corporation having a principal office address located at 1450 E Laketon Ave. Muskegon, Michigan 49442.

SHRR\5992554.v1

2. Defendant, Darren Erb, is an individual doing business as Darren Erb Trucking ("Erb") and resides, upon information and belief, at 5 Schmehl Drive, Bethel, Berks County, Pennsylvania 19507-9526. Erb conducts business in Muskegon County, Michigan.

3. Jurisdiction is proper in this Court pursuant to MCL 600.601 and MCL 600.605 and this matter is otherwise within the equitable jurisdiction of this Court.

4. Venue is proper in this Court pursuant to MCL 600.1621(a) and MCL 600.1627 because Defendant conducts business in Muskegon County, Michigan and Muskegon County, Michigan is the county in which all or a part of the cause of action arose.

5. The amount in controversy exceeds $25,000 exclusive of costs, interest, and attorney fees.

6. As this matter, in whole or in part, constitutes a business or commercial dispute as set forth in MCL §600.8031(1)(c)(ii) and MCL §600.8031(2)(d), the Business Court has jurisdiction over this case pursuant to MCL §600.8035.

## GENERAL ALLEGATIONS

7. ICD is an intrastate trucking company providing transportation of various items, including scrap metal.

8. In approximately May of 2022 Erb contacted ICD and proposed that ICD take over an account Erb held with third party Pace Industries because he could not keep up with the demand by himself and was on the verge of losing the account.

9. Erb represented to ICD that he was the logistics coordinator for Pace Industries.

10. Erb also represented to ICD that he was an independent contractor driver for Pace Industries, specifically hauling loads between Michigan and Pennsylvania ("the Lane").

SHRR\5992554.v1

11. Erb proposed to ICD that it could take over the Pace Industries account and become Pace Industries' exclusive scrap metal hauler with respect to its transportation needs for the Lane and Erb would continue servicing the Lane, but as an independent contractor driver for ICD and would be paid by ICD by receiving a percentage of the rate charged to Pace Industries.

12. Erb represented to ICD that his rates "followed him" and that Pace Industries would pay ICD the same rates he and Pace Industries had previously negotiated.

13. In June of 2022, ICD took over the Lane and supplied Pace Industries with all necessary trucks, trailers, and maintenance and billed Pace Industries directly at the rates disclosed to ICD by Erb.

14. ICD paid Erb the agreed percentage of the amount billed to Pace Industries for the trucking services Erb provided related to the Lane.

15. In, or about September 2022, Pace Industries contacted ICD to inquire into the amounts it was billing for the Lane and it was discovered that Erb misrepresented the Lane rates to ICD by nearly fifty percent. By way of example, Erb represented to ICD that the rate for a load of material going from PA to MI along the Lane was $4250 when in fact this was the round-trip rate, not a one-way rate. The actual/correct rate should have been $2650.

16. Erb's misrepresentation resulted in ICD over-paying Erb because Erb's payment from ICD was based on a percentage of the amounts billed to Pace Industries which was being wrongfully inflated by Erb.

17. Erb admitted the misrepresentation of the rates and ICD credited Pace Industries for the billing errors and began paying Erb the corrected rate of $1722 for the PA Lane thereafter and Erb was to return the over-payment to ICD; however, Erb has failed to do so.

18. Erb's misrepresentations to ICD related to the rates were not accidental.

19. Erb misrepresented the rate to ICD in an effort to receive more money than he was entitled and did in fact receive more than he was entitled to from ICD.

20. Erb's misrepresentations to ICD as to the rates for the Lane caused ICD to suffer damages for which it now seeks to recover.

## COUNT I – Fraud

21. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

22. The representations made to ICD by Erb related to the Lane rates were material.

23. The representations Erb made to ICD regarding the Lane rates were false because the rates offered were not the same rates – they were doubled.

24. The representations Erb made to ICD related to the Lane rates were made knowing that they were false or were made recklessly without knowledge of their truth.

25. Erb intended his representations to ICD related to the Lane rates to be relied upon by ICD when ICD was contemplating taking over the Pace Industries account for Erb and using Erb as its independent contractor to service the Lane.

26. Erb intended his representations to ICD related to the Lane rates to be acted upon by ICD when ICD was contemplating taking over the Pace Industries account for Erb and using Erb as its independent contractor to service the Lane.

27. ICD did in fact act upon and relied upon the representations made by Erb related to the Lane rates.

28. ICD suffered damages as a result of Erb's material misrepresentations.

29. Erb received substantially more from ICD than he was entitled on multiple occasions resulting in overpayments totaling Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50).

WHEREFORE, Plaintiff ICD respectfully requests that this Court enter a money judgment in its favor and against Defendant Erb in the amount of Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50), plus court costs, statutory interest and attorney's fees, and any other relief this Court deems just and equitable.

### COUNT II – Statutory Conversion, MCL 600.2919a

30. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

31. ICD is the rightful owner of the overpaid portion of the funds paid to Erb which total Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50).

32. The overpaid funds to Erb from ICD were based on Erb's representations as to the Lane rates being billed to Pace Industries of which he received a percentage of.

33. The Lane rates Erb provided to ICD were more than what the actual rate was.

34. The overpaid funds were converted by Erb for Erb's own use and benefit.

35. By Erb's actions, Erb has stolen, embezzled, or converted property, for Erb's own use and benefit, properly and rightfully belonging to ICD.

36. ICD has demanded that Erb return the over-paid funds.

37. Erb, by his actions and silence, has refused to remit said funds.

38. ICD has been damaged by Erb's failure to return the overpaid funds.

39. The acts described above constitute an unlawful statutory conversion, as set forth in MCL 600.2919a, resulting in actual damages of Fourteen Thousand Eight Hundred and

SHRR\5992554.v1

Twenty Six and 50/100 Dollars ($14,826.50); however, as set forth in MCL 600.2919a, ICD is entitled to treble damages, in the amount of Forty Four Thousand Four Hundred and Seventy Nine and 50/100 Dollars ($44,479.50), plus reasonable attorney fees and any other right or remedy Plaintiff may have.

WHEREFORE, ICD respectfully requests this Honorable Court enter a judgment in its favor and against Defendant Darren ERB d/b/a Darren Erb Trucking the amount of Forty-Four Thousand Four Hundred and Seventy-Nine and 50/100 Dollars ($44,479.50) as to this count for conversion only, plus all available interest, costs and reasonable attorney fees, and grant such other relief as this Court deems equitable.

## COUNT III – Common Law Conversion

40. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

41. The Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50) in overpaid funds to Erb was personal property rightfully belonging to ICD.

42. Erb was aware that he did not have the right to exercise dominion or control over the overpaid funds and exercised such dominion and control over ICD's funds anyway.

43. Erb wrongfully exerted dominion and control over ICD's personal property in denial of or inconsistent with ICD's rights therein.

44. Defendant's wrongful exercise of dominion constitutes common law conversion.

WHEREFORE, ICD respectfully requests this Honorable Court enter a judgment in its favor and against Defendant Darren ERB d/b/a Darren Erb Trucking in the amount of Forty-Four Thousand Four Hundred and Seventy-Nine and 50/100 Dollars ($44,479.50), together with costs

and attorney fees in having to bring this action, along with any other relief this Court deems just and equitable.

## COUNT IV – Unjust Enrichment

45. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

46. ICD conferred a valuable benefit on Erb by payment of fifty percent more than he earned and to which he is not entitled.

47. The value of the benefit Erb received and of which he is not entitled is Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50).

48. The overpaid funds to Erb by ICD were not intended to be a gift.

49. It would be inequitable for Erb to retain the benefit provided by ICD, as he misrepresented the Lane rate by fifty percent (50%) and the lane rate is what his payment was to have been based off of. By misrepresenting the Lane rate to ICD by fifty percent, Erb likewise received an overpayment from ICD by fifty percent (50%) which amounts to $14,826.50 in overpaid funds.

50. To avoid unjust enrichment, Erb is required to return to ICD $14,826.50.

WHEREFORE, Plaintiff ICD respectfully requests this Honorable Court enter a judgment in its favor and against Defendant Darren Erb d/b/a Erb Trucking in the amount of Fourteen Thousand Eight Hundred and Twenty-Six and 50/100 Dollars ($14,826.50), plus all available interest, costs and reasonable attorney fees, and grant such other relief as this Court deems equitable.

Date: November 28, 2023

By: _____
Kevin B. Even (P38599)
Julianna Hyatt-Wierzbicki (P71731)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com
jhyatt-wierzbicki@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>14th JUDICIAL CIRCUIT<br>Muskegon COUNTY | AMENDED<br>ORDER REGARDING<br>ALTERNATE SERVICE | CASE NO. and JUDGE<br>23-005820-CB |
|---|---|---|

Court address
990 Terrace St. Muskegon, MI 49442

Court telephone no.
231-724-6251

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| INTRACITY DISPATCH, INC.<br>c/o SMITH HAUGHEY RICE & ROEGGE<br>Julianna Hyatt-Wierzbicki (P71731)<br>900 Third St. Ste 204 Muskegon, MI 49440 (231) 724-4334<br>jhyatt-wierzbicki@shrr.com | v | DARREN ERB d/b/a DARREN ERB TRUCKING<br>5 Schmehl Drive<br>Bethel, PA 19507-9526 |

Plaintiff's attorney, bar no., address, and telephone no.

Julianna Hyatt-Wierzbicki (P71731)
Smith Haughey Rice & Roegge
900 Third St. Ste 204
Muskegon, MI 49440
(231) 724-4334; jhyatt-wierzbicki@shrr.com

**THE COURT FINDS:**

☑ 1. Service of process upon the defendant, Darren Erb d/b/a Darren Erb Trucking
cannot reasonably be made as provided in ☐ MCR 2.105 ☐ MCR 2.107(B)(1)(b) and service of process may be made in a manner that is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

**IT IS ORDERED:**

☑ 2. Service of the ☑ summons and complaint ☐ other: _____
and a copy of this order shall be made by the following method(s).

☑ a. First-class mail to 5 Schmehl Drive Bethel, PA 19507-9526

☑ b. Tacking or firmly affixing to the door at 5 Schmehl Drive Bethel, PA 19507-9526

☐ c. Delivering at _____
to a member of the defendant's household who is of suitable age and discretion to receive process, with instructions to deliver it promptly to the defendant.

☐ d. Other: _____

For each method used, proof of service must be filed promptly with the court.

☐ 3. The motion for alternate service is denied.

Judge signature and date: HON. KENNETH S. HOOPES: P-53469
14TH CIRCUIT COURT JUDGE
01/03/2024 04:36 PM

Approved, SCAO
Form MC 304, Rev. 3/23
MCR 2.103, MCR 2.105
Page 1 of 1

Distribute form to:
Court
Defendant
Plaintiff
Return